**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Albert L Jacobs, Jr., et al.,

                Plaintiffs,

v.

Wheaton Van Lines Incorporated,

                Defendant.

No. CV-17-03967-PHX-JAT (Lead)
CV-18-0181-PHX-JAT (Cons.)

**ORDER**

Case CV 18-181-PHX-JAT was removed to federal court in January 2018. Based on this Court's review of the file, this Court has concluded that the case was not removable for various reasons, including that resident Defendants removed and that service had occurred more than 30 days before removal. However, the Plaintiff in CV 18-181 did not move to remand, and this Court cannot remand for procedural defects in removal *sua sponte*.[1] Thus, this case proceeded in federal court.

The fact that this case was not removable has led to numerous problems in administration. The first such problem being the state court never quit presiding over the removed case, culminating in the state court entering judgment in favor of the Plaintiff and against the Defendant in June 2018 (six months after removal). (Doc. 42 at 1-2). The Court is doubtful that this judgment is enforceable, but that is an issue for the state courts to decide.

The next problem is that, were this Court to enter a judgment in CV 18-181, there

---

[1] *See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F3d 1190, 1193 (9th Cir. 2003).

1    would then be two, duplicative judgments.  Generally, a plaintiff cannot receive a double

2    recovery for the same injury and second enforceable judgment could lead to this

3    impermissible result.

4         The third problem that arises from the removal of a non-removable case, is that the

5    state court case, pre-removal, had proceeded to state court mandated compulsory

6    arbitration and the arbitrator had entered an award in favor of Wheaton Van Lines and

7    against Plaintiff.[2]  This Court has no comparable compulsory arbitration system for cases

8    under a certain dollar amount.  This Court is unclear whether such an award should be

9    honored by this Court because this issue would never arise in a case that was removed

10   within 30 days of service.

11        Finally, this Court seriously questions whether it has subject matter jurisdiction in

12   this case.  This Court raised this issue in its Order of June 12, 2018 (Doc. 38 at 13).

13   However, Wheaton Van Lines neither moved to remand, nor affirmatively made any

14   claim that this Court has subject matter jurisdiction over this case.  This Court is confused

15   as to why Wheaton Van Line, the prevailing party in state court, is not diligently pursuing

16   this issue because if this Court were to enter judgment in its favor, such judgment would

17   be unenforceable if this Court was without jurisdiction to enter it.

18        At this point, the Court has concluded it cannot, on this record, resolve CV 18-

19   181.  However, CV 17-3967 has reached a conclusion.[3]  Thus, the Court will

---

20   [2]  The state court case was filed in 2016; thus at the time of removal it had almost
21   reached the point of judgment because it had been proceeding in state court well over a
     year.

22   [3]  The Court notes that the Jacobs have filed a notice of interlocutory appeal of this
23   Court's Order of June 12, 2018.  Generally, filing a notice of appeal divests this Court of
     jurisdiction as to the merits of the case. *See generally Ruby v. Sec. of the U.S. Navy*, 365
24   F.2d 385 (9th Cir. 1966)(en banc).  However, this general rule is overcome if a party
     appeals a clearly non-appealable order. *Id.* at 388-389; *Hoffman for and on Behalf of
     N.L.R.B. v. Beer Drivers & Salesmen's Local 888*, 536 F.2d 1268, 1272-73 (9th Cir. 1976)
25   ("...an appeal from a nonappealable order does not deprive a district court of
26   jurisdiction.").  In this case, the Jacobs have appealed a nonappealable order, seemly
     purely for obstructionist purposes to stop a judgment from entering against them.
27   (Similarly the Jacobs removed the non-removable CV 18-181 only after an arbitrator
     entered an award against them; again, seemly to stop a judgment from entering against
28   them.)  Mr. Jacobs, who is himself a lawyer (Doc. 20 at 2) is cautioned that Rule 11
     sanctions will enter against him if he engages in bad faith litigation tactics.

unconsolidate these cases, and enter judgment in favor of Defendant and against Plaintiffs for the reasons stated in this Court's order of June 12, 2018 (Doc. 38) in CV 17-3967. As to CV 18-181, the Court will hold a status conference to address the following issues: 1) the basis for this Court's subject matter jurisdiction; 2) assuming subject matter jurisdiction exists, whether this Court can enter a judgment that is duplicative of the state court judgment; and 3) assuming 1 and 2 are satisfied, whether this Court can adopt the award of the state court arbitrator.[4]

Thus,

**IT IS ORDERED** unconsolidating CV 17-3967 and CV 18-181. CV 18-181 shall remain open and pending before the undersigned. In CV 17-3967 the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiffs for the reasons stated in this Court's Order of June 12, 2018 (Doc. 38). The Clerk of the Court shall file a copy of this Order in both CV 17-3967 and CV 18-181; all future filings dealing with CV 18-181 shall be filed in that case number only.

**IT IS FURTHER ORDERED** that the show cause hearing set for July 11, 2018 at 3:00 p.m. is converted to a status conference in CV 18-181 only. In preparation for this status conference, each side shall file a brief addressing the three issues identified above by July 9, 2018.

Dated this 29th day of June, 2018.

James A. Teilborg
Senior United States District Judge

---

[4] The Court notes that Wheaton Van Lines attempts to apply the state court interest rate. This is incorrect as any post-judgment interest would accrue at the applicable federal rate.